1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

AMANDA KNAPP-ELLIS, on behalf of herself
and all others similarly situated,

                            Plaintiff,

      vs.

STELLAR RECOVERY, INC., a Florida
corporation,

                           Defendant.

NO.

**CLASS ACTION COMPLAINT FOR
DAMAGES AND INJUNCTIVE
RELIEF FOR VIOLATION OF
47 U.S.C. § 227**

     Plaintiff Amanda Knapp-Ellis, by her undersigned attorneys, for this class action

complaint against Defendant Stellar Recovery, Inc. and its present, former, or future direct and

indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities alleges as

follows:

## I.  INTRODUCTION

     1.1    <u>Nature of Action</u>.  Plaintiff Knapp-Ellis, individually and as class representative

for all similarly situated persons, brings this action against Defendant for violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), the Washington

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 1

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD"), and the Washington Consumer Protection Act, RCW 19.86, *et seq.*

## II.  JURISDICTION AND VENUE

2.1     <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.  This Court has subject matter jurisdiction over Plaintiff's WADAD and WCPA claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from the same set of operative facts as Plaintiff's TCPA claims.

2.2     <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because it has submitted to Washington jurisdiction by registering with the Secretary of State to do business in the state of Washington and the wrongful acts alleged in this Complaint were committed in Washington State.

2.3     <u>Venue</u>.  Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and (2) 28 U.S.C. § 1391(b)(3) in that Defendant is subject to personal jurisdiction in this District.

## III.  PARTIES

3.1     <u>Plaintiff Amanda Knapp-Ellis</u>.  Plaintiff is a citizen of Washington State residing in King County, Washington.

3.2     <u>Defendant Stellar Recovery, Inc</u>.  Stellar Recovery, Inc. is a Florida corporation registered to do business in Washington State.  Its registered agent is headquartered in Thurston County, Washington.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 2

## IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991,
## 47 U.S.C. § 227

4.1     In 1991 Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

4.3     The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).  The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

4.4     Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."  *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

4.5     The FCC confirmed this principle in 2013, when it explained that "a seller …. May be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."  *See* FCC Declaratory Ruling in re Petition filed by DISH Network, LLC for Declaratory Ruling Concerning TCPA Rules, CG Docket No., 11-50 (May 9, 2013) (*available at*

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

http://www.huntonprivacyblog.com/wp-content/uploads/2013/05/FCC-13-54A1.pdf) (last visited October 15, 2013).

## V.  THE WASHINGTON STATE AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400

5.1     In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD").  As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made."  RCW 80.36.400(1)(a).

5.2     The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

5.3     A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA").  *See* RCW 80.36.400(3).

## VI.  FACTUAL ALLEGATIONS

6.1     Defendant Stellar is a privately held company that acquires charged off receivables from credit grantors and financial institutions.  It is a nationally licensed third party collection agency.  It has calling centers in Jacksonville, Florida and Kalispell, Montana, and employs over 175 employees.

6.2     In 2013, the *Florida Business Journal* ranked Stellar number 24 on its inaugural Florida Fast 100 list of the fastest growing private companies in the state as from 2010-2012 Stellar grew 275%.  *See* http://www.insidearm.com/daily/debt-collection-news/debt-collection/stellar-recovery-inc-24-in-florida-business-journal-fast-100-with-275-growth/ (last visited October 8, 2013).

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

6.3     On information and belief, as part of its business model Stellar uses automatic dialing machines and pre-recorded messages to reach consumers.

6.4     On information and belief, Stellar also uses "spoofing" technology when it uses automatic dialing machines to make it appear that the phone call coming in is from the phone number of the consumer.  By spoofing a consumer's phone number Stellar increases the possibility that a consumer will answer the phone.

6.5     Beginning on May 16, 2013, Plaintiff began receiving telephone calls from or on behalf of Defendant on Plaintiff's cellular telephone.  Plaintiff has received at least ten phone calls from or on behalf of Defendant in 2013.  The calls consist of a pre-recorded message for purposes of collecting an allegedly owed debt.

6.6     The pre-recorded message does not provide the identity of the business that placed the call or the name of the business registered to do business in Washington.

6.7     Plaintiff did not provide prior express consent to receive pre-recorded phone calls from or on behalf of Defendant on her cellular telephone.

6.8     Defendant or an agent or entity working on behalf of Defendant has also placed calls to Plaintiff's mother using a pre-recorded message for purposes of contacting Plaintiff about an allegedly owed debt.

6.9     Plaintiff did not provide prior express consent to receive pre-recorded phone calls from or on behalf of Defendant on her mother's telephone.

6.10    Plaintiff requested that Stellar stop calling her.

6.11    Stellar continued to place automatic calls with pre-recorded messages to Plaintiff's cellular telephone and mother's telephone even after Plaintiff requested that they stop.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 5

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# VII.  CLASS ACTION ALLEGATIONS

7.1     Class Definition.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of a National Class and a Washington State Subclass defined as follows:

> National Class:  All persons in the United States who received a call on their cellular telephone line with a pre-recorded message, initiated by or on behalf of Defendant, and without the recipient's prior express consent, at any time in the period that begins four years before the date this complaint was filed to trial.

> National Class:  All persons in the United States who received more than one call in a 12-month period on their cellular telephone line or residential land line and whose cellular or residential land line number(s) appear on the National Do-Not-Call registry or Stellar's internal do-not-call list, at any time in the period that begins four years before the date this complaint was filed to trial.

> Washington State Subclass:  All telephone customers within the State of Washington who received a call on their telephone with a pre-recorded message, initiated by or on behalf of Defendant, and made using an automatic dialing and announcing device for purposes of debt collection, at any time in the period that begins four years before the date this complaint was filed to trial.

Excluded from the National Class and the Washington State Subclass are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

7.2     Numerosity.  The National Class and the Washington State Subclass are each so numerous that joinder of all members is impracticable.  Upon information and belief, the National Class and the Washington State Subclass each have more than 1,000 members.  Moreover, the disposition of the claims of the National Class and the Washington State Subclass in a single action will provide substantial benefits to all parties and the Court.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 6

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

7.3     <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the National Class and the Washington State Subclass.  These common questions of law and fact include, but are not limited to, the following:

a.     Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf negligently violated 47 U.S.C. § 227(b)(1)(A);

b.     Whether Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiff and the National Class to treble damages;

c.     Whether, with respect to Plaintiff and the Washington State Subclass, Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf violated RCW 80.36.400;

d.     Whether, with respect to Plaintiff and the Washington State Subclass, Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf violated RCW 19.86 *et seq.*;

e.     Whether Defendant is liable for prerecorded calls made by Defendant's affiliates, agents and/or other persons or entities acting on Defendant's behalf; and

f.     Whether Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA, WADAD and/or WCPA in the future.

7.4     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the National Class and the Washington State Subclass.  Plaintiff's claims, like the claims of the National Class and the Washington State Subclass, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

7.5     <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the National Class and the Washington State Subclass.  Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 7

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

consumer class actions and TCPA and WADAD class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the National Class and the Washington State Subclass and have the financial resources to do so.  Neither Plaintiff nor his counsel has interests that are contrary to or that conflict with those of the proposed National Class or the Washington State Subclass.

7.6     Predominance.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the National Class and the Washington State Subclass.  The common issues arising from this conduct that affect Plaintiff and members of the National Class and the Washington State Subclass predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

7.7     Superiority.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA, the WADAD, and the WCPA.  The interest of individual members of the National Class and the Washington State Subclass in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA and/or WADAD are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

7.8     Injunctive and Declaratory Relief Appropriate.  Defendant has acted on grounds generally applicable to the National Class and the Washington State Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the National Class, and the Washington State Subclass appropriate on a classwide basis.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 8

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VIII.  FIRST CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C.
§ 227(b)(1)(A))**

8.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2     The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

8.3     As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the National Class are entitled to an award of $500 in damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

8.4     Plaintiff and members of the National Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## IX.  SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act,
47 U.S.C. § 227(b)(1)(A))**

9.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2     The foregoing acts and omissions of Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

9.3     As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the National Class are entitled to treble

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 9

damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

9.4    Plaintiff and members of the National Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## X.  THIRD CLAIM FOR RELIEF
### (Violation of the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400 – Washington State Subclass Only)

10.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the WADAD, RCW 80.36.400(2).

10.3    As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf's violations of the WADAD, Plaintiff and members of the Washington State Subclass presumptively are entitled to an award of $500 in damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

10.4    Plaintiff and members of the Washington State Subclass are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other persons or entities acting on Defendant's behalf from violating the WADAD in the future.

## XI.  FOURTH CLAIM FOR RELIEF
### (Violations of Washington's Consumer Protection Act – RCW 19.86 – Washington State Subclass Only)

11.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

11.2    Pursuant to RCW 80.36.400(3), a violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA").  The foregoing acts and

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violates RCW 80.36.400, which constitutes a *per se* violation of the Consumer Protection Act.

11.3    As a result of Defendant's and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf's conduct as alleged herein, Plaintiff and members of the Washington State Subclass have sustained damages in an amount presumed to be $500 for each and every call in violation of RCW 80.36.400.  Under the WCPA, Plaintiff and members of the Washington State Subclass are also entitled to, and do seek, injunctive relief prohibiting Defendant and/or its agents, affiliates, and/or other related persons or entities acting on Defendant's behalf from violating the WCPA in the future, as well as treble damages and attorneys' fees and costs pursuant to RCW 19.86.090.

## XII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the National Class and the Washington State Subclass, prays for judgment against Defendant as follows:

A.    Certification of the proposed National Class and Washington State Subclass;

B.    Appointment of Plaintiff as representative of the National Class and the Washington State Subclass;

C.    Appointment of the undersigned counsel as counsel for the National Class and the Washington State Subclass;

D.    A declaration that Defendant and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA, the WADAD and the WCPA;

E.    An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.    An award to Plaintiff and the National Class and Washington State Subclass of damages, as allowed by law;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 11

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1        G.      An award to Plaintiff and the National Class and Washington State Subclass of

2 attorneys' fees and costs, as allowed by law and/or equity;

3        H.      Leave to amend this Complaint to conform to the evidence presented at trial;

4 and

5        I.      Orders granting such other and further relief as the Court deems necessary, just,

6 and proper.

7        RESPECTFULLY SUBMITTED AND DATED this 30th day of October, 2013.

8                        TERRELL MARSHALL DAUDT & WILLIE PLLC

9

10               By:   /s/ Beth E. Terrell, WSBA #26759

11                   Beth E. Terrell, WSBA #26759
                  Email:  bterrell@tmdwlaw.com

12               By:   /s/ Mary B. Reiten, WSBA #33623

13                   Mary B. Reiten, WSBA #33623
                  Email:  mreiten@tmdwlaw.com

14

15                   936 North 34th Street, Suite 300
                  Seattle, Washington  98103-8869

16                   Telephone:  (206) 816-6603
                  Facsimile:  (206) 350-3528

17

18                   LAW OFFICE OF SARAELLEN
                     HUTCHISON PLLC

19               By:   /s/ SaraEllen Hutchison, WSBA #36137

20                   SaraEllen Hutchison, WSBA #36137
                  Email:  saraellen@saraellenhutchison.com

21                   1752 NW Market Street, Suite 915
                  Seattle, Washington  98107-5264

22                   Telephone:  (206) 529-5195
                  Facsimile:  (877) 485-4893

23

24

25

26

27

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

LAW OFFICE OF THOMAS G. JARRARD

By:  /s/ Thomas G. Jarrard, WSBA #39774
    Thomas Jarrard, WSBA #39774
    Email:  tjarrard@att.net
    1020 N. Washington Street
    Spokane, Washington  99201-2237
    Telephone:  (425) 239-7290


 /s/ Robert W. Mitchell, WSBA #37444
    Robert W. Mitchell, WSBA #37444
    Email:  bobmitchellaw@yahoo.com
    1020 N. Washington Street
    Spokane, Washington  99201-2237
    Telephone:  (509) 327-2224
    Facsimile:  (509) 327-3374

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C.
§ 227 - 13